In the Matter of the Application of WILLIAM HICKEY, Appellant, for a Writ of Certiorari against HERBERT S. SISSON, as State Commissioner of Excise, et al., Respondents.

**Liquor Tax Law — reduction of liquor tax certificates to one for each five hundred of population — determination of commission appointed to reduce and apportion the places where liquor may be sold is final and conclusive when fairly made and cannot be ignored by excise commissioner.**

An amendment of the Liquor Tax Law in 1917 provides for the reduction of the number of liquor tax certificates in certain cities and in towns (L. 1917, ch. 623).  The number is to be so reduced that there shall be not more than one certificate for each five hundred of population (§ 8, subd. 9).  To that end the town board of each town is to appoint a commission of three residents and taxpayers. The commission in making its determination was directed where a

town contained two or more villages to reduce the number of places in each of such villages and in the outlying territory of the town, " as nearly as may be in proportion to the number of places where trafficking in liquors was engaged in at the time of the investigation." The determination of the commission is to be " final and conclusive." *Held*, that this imports some range of judgment and discretion. In determining how the departure may be made with a minimum of hardship, the commission may consider the density of population, the character of the licensed places, the habits of the community and other local conditions. There must be no substantial deviation from the statutory norm, but minor variations, inevitable in some degree, do not nullify the allotment.

*Matter of Hickey* v. *Sisson*, 181 App. Div. 962, reversed.

(Argued March 1, 1918; decided March 12, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 4, 1918, which reversed an order of a justice of the Supreme Court directing the issuance of a liquor tax certificate to the petitioner herein.

The facts, so far as material, are stated in the opinion.

*Samuel B. Coffin* for appellant. The local commissioners were not bound to apportion the certificates in the town of Kinderhook mathematically. (*Rock Island Nat. Bank* v. *Thompson*, 50 N. E. Rep. 1089; *Phœnix Ins. Co.* v. *Charlestown Bridge Co.*, 65 Fed. Rep. 628; *Potter* v. *Robinson*, 40 N. J. L. 114; *People* v. *Rice*, 65 Hun, 236; 135 N. Y. 473; *Green* v. *McCrane*, 55 N. J. 436; *Finch* v. *Riverside*, 87 Cal. 597; *State* v. *Milwaukee*, 25 Wis. 339; *Goodrich* v. *Inhabitants*, 75 Mass. 38.)

*C. S. Ferris* and *Harry D. Sanders* for respondents. The town commission did not observe the provisions of the statute in reducing the number of places in the two villages in the town of Kinderhook and in the territory of said town outside said villages; that is, the town commission did not make the reduction as nearly as might be in proportion to the number of places where

trafficking in liquors was engaged in at the time of the investigation. For this reason the action of the town commission was illegal and of no effect, and the state commissioner of excise was required to make the designation. (*Brown* v. *Mayor, etc.,* 63 N. Y. 242; *Village of Fort Edward* v. *Fish,* 156 N. Y. 363; *People* v. *Sutherland,* 207 N. Y. 22; *Osterhoudt* v. *Rigney,* 98 N. Y. 222; *Nelson* v. *Mayor, etc.,* 131 N. Y. 4; *People* v. *Journal Co.,* 213 N. Y. 1.) Respondents contend that the local excise commissioners were bound to apportion the certificates in the town of Kinderhook between the villages and town outside mathematically. (*People ex rel. Gstalter* v. *Sisson,* 179 App. Div. 610.)

CARDOZO, J. An amendment of the Liquor Tax Law in 1917 provides for the reduction of the number of liquor tax certificates in cities having a population of 55,000 or less, and in towns (L. 1917, ch. 623). The number is to be so reduced that there shall be not more than one certificate for each five hundred of population (sec. 8, subd. 9, par. c). To that end the town board of each town is to appoint a commission of three residents and taxpayers. They " shall be persons of good standing in the community and shall have had practical experience in business affairs and be acquainted with commercial and social conditions " in the towns for which they are appointed (sec. 8, subd. 9, par. c, 2). They are to investigate the number and the character of the places where traffic in liquor is conducted (par. c, 3). They are then to determine the places, not exceeding the reduced ratio, where the traffic is to be continued (par. c, 3). " Where a town contains one or more villages or parts of villages, and there are two or more places in each of such villages or parts of villages in such town, and in the territory of such town outside of such villages, for which certificates under subdivision one of this section have been issued, the commission in making its determination

1918.]        .        Opinion, per CARDOZO, J.        [223 N. Y.]

hereunder shall reduce the number of places in each of such villages and parts of villages, and in the territory of such town outside of such villages, as nearly as may be in proportion to the number of places where trafficking in liquors was engaged in at the time of the investigation" (par. c, 3). The determination of the commission is to be "final and conclusive" (par. c, 4). If, however, it fails to make a determination on or before September 1, 1917, the state commissioner of excise shall designate the places.

Under this statute the commission for the town of Kinderhook filed a determination on August 27, 1917. There were formerly sixteen certificates in the town, distributed as follows: Four in the village of Kinderhook, seven in the village of Valatie, and five in the town outside. According to the new ratio the total number must be reduced to six. These new places have been distributed by the commission as follows: Two in the village of Kinderhook, three in the village of Valatie, and one in the town outside. Of the two places in the village of Kinderhook, one is the hotel maintained by the appellant. The excise commissioner asserts the right to treat this designation as a nullity. He says that the distribution between the villages within the town and the territory outside the town does not conform to the statutory proportion. He insists that there should be only one place in the village of Kinderhook, three in the village of Valatie, and two in the town outside. After September 1, 1917, had passed and the commission was no longer able to make a new designation, he filed one of his own. He excluded the petitioner's hotel, and afterwards declined to license it. An order directing that the certificate issue was granted by a justice of the Supreme Court, and reversed at the Appellate Division.

We think the determination of the commission is consistent with the statute. There were places in the villages and places in the outside territory. The commission was

to reduce them " as nearly as may be in proportion to the number of places where trafficking in liquors was engaged in at the time of the investigation." It was impossible to maintain this exact proportion. A mathematical division would distribute the six places as follows: 1 4/8 to the village of Kinderhook, 2 5/8 to the village of Valatie, and 1 7/8 to the territory outside. The excise commissioner says that because 1 7/8 is more than 1 4/8, therefore, the outside territory should have two places, and the village of Kinderhook only one. We think the statute does not announce so rigid and undeviating a rule. The proportion is to be maintained " as nearly as may be." This imports some range of judgment and discretion (*People ex rel. Carter* v. *Rice*, 135 N. Y. 473, 498, 499; *Indianapolis & St. L. R. R. Co.* v. *Horst*, 93 U. S. 291, 300; *Potter* v. *Robinson*, 40 N. J. L. 114). No matter what distribution is made, some departure from the proportion formerly maintained there must be. In determining how the departure may be made with a minimum of hardship, the commission may consider the density of population, the character of the licensed places, the habits of the community and other local conditions. That is one of the reasons why the statute requires the appointment of men who understand the needs of the locality. There must be no substantial deviation from the statutory norm, but minor variations, inevitable in some degree, do not nullify the allotment. As to these incidents of distribution, the ruling of the commission of the vicinage is " final and conclusive " (L. 1917, ch. 623, sec. 8, subd. 9, par. c, 4).

The order of the Appellate Division should be reversed, and the order granting the petitioner's application affirmed, with costs in the Appellate Division and in this court.

CHASE, COLLIN, CUDDEBACK, POUND and ANDREWS, JJ., concur; HISCOCK, Ch. J., absent.

Order reversed, etc.